UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14CR341 HEA |
| | ) | |
| DERRICK D. ALTEMUS, | ) | |
| | ) | |
| Defendant, | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Noelle C. Collins dated March 9, 2015, addressing Defendant's Motions to Suppress Statements, [Doc. No. 34] and Judge Collins' Report and Recommendation dated August 6, 2015 addressing Defendant's Motion to Disclose Confidential Informant, [Doc. No. 69]Two evidentiary hearings were held. The first hearing was held on January 27, 2015 and the second was held on June 4, 2015. In her Reports and Recommendations, Judge Collins recommends that the motion be denied. Defendant has filed written objections.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C.

§ 636, the Court will therefore conduct such a *de novo* review of those portions of the Memorandum and Recommendations to which Defendant objects. The Court has reviewed the entire record for this purpose.

Defendant objects to Judge Collins' recommendation arguing that any statements made by Defendant were made while he was under arrest and without the benefits of Miranda. Further, Defendant argues that the evidence and testimony presented at the evidentiary hearing indicated that Defendant was suffering from the acute effects of heroin withdrawal and post dialysis fatigue and hunger. Therefore, any statements made were not knowingly, voluntarily or intelligently made and should be suppressed.

With regard to disclosure of the identity of the confidential source in this matter, Defendant believes disclosure would allow him to effectively pursue possible trial defenses, in particular, the defense of entrapment.

Judge Collins' analysis regarding whether Defendant's statements were knowingly, voluntarily and intelligently made contains a thorough discussion of the applicable law and the facts surrounding the statements. Based on the totality of the circumstances, Judge Collins' conclusion that Defendant was not suffering from heroin withdrawal, nor was he under the influence of heroin at the time the statements were made. Judge Collins details specific facts which give rise to these conclusions. Defendant presents no evidence to establish that the findings of fact

are contrary to the record, nor does he present any new arguments unaddressed by Judge Collins.

With respect to Defendant's claim that the disclosure of the confidential informant will assist him in preparing his defenses, in particular, the defense of entrapment, the Court agrees with Judge Collins' conclusion that the confidential informant should not be disclosed.   The informant was not present for any of the charged conduct in this case; safety concerns for the informant are substantial in light of the facts that multiple firearms were seized, the types of crimes charged and the related drug conspiracy involving eight other defendants, and Defendant has not presented anything to demonstrate that his possible defense is more than speculative.

Based upon the foregoing, the Court agrees with Judge Collins' conclusions in their entirety.   The Recommendations are adopted *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions to Suppress Evidence and Statements [Doc. No. 34], is granted with respect to Defendant's statement regarding the identification of his house key and is denied in all other respects;

**IT IS FURTHER ORDERED** that Defendant's Motion to Disclose

Confidential Informant, [Doc. No 69], is denied.

Dated this 10th day of September, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE